[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00387-VMC-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS SPEIGHT,
a.k.a. Curtis Lavar Speight,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Curtis Speight appeals his convictions for conspiracy to possess with intent

to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), and possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). On appeal, Speight argues that the district court should have granted a mistrial after a government witness testified about his involvement in other uncharged crimes. He also asserts that the district court erred by denying his motion for a continuance to secure the testimony of an additional witness who could have rebutted the testimony of his brother, Leonard Speight, who was a witness for the government. Finally, Speight argues that the district court should have directed the government to provide him with Jencks Act materials relevant to Leonard's testimony. For the reasons stated below, we affirm.

## I.

A grand jury charged Speight with conspiracy to possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), and possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Speight's brother Leonard also was charged in the indictment. Leonard pled guilty shortly before the trial began.

At Speight's trial, the government called a series of law enforcement

2

officers who testified to the following facts. On July 24, 2009, Detective Eddie Benitez of the Lakeland, Florida, Police Department received a tip that Speight was going to be transporting crack cocaine in a Ford F150 pickup truck. A check of Speight's driving history revealed that his license had been suspended. Benitez and Detective Jason Perez located Speight's truck and followed it until they observed it run a stop sign. The detectives radioed for a marked patrol unit to stop the truck.

Officer Oscar Wesley responded to the call, pulled up behind the truck, and activated his lights and siren. However, the truck failed to pull over. Suddenly, Leonard jumped out of the passenger's side of the vehicle and ran through an opening between some bushes. Wesley exited his vehicle and pursued Leonard on foot. He saw Leonard drop what appeared to be styrofoam plates. Wesley eventually took Leonard into custody. Officer Ruben Garcia later recovered the styrofoam plates and discovered pieces of crack cocaine in the vicinity.

Meanwhile, Detectives Benitez and Perez were traveling down another street in an attempt to head off the truck. Benitez heard over the radio that a passenger had jumped out of the truck, so he exited the vehicle in order to catch the passenger if he attempted to flee in that direction. Meanwhile, Perez drove down Davis Street, where he saw Speight's truck pull into a driveway of a

3

residence and then start to back out again. Perez positioned his vehicle to block the truck, and then arrested Speight for driving on a suspended license. A few weeks later, Detective Benitez arrested Speight on the present drug trafficking charges. After waiving his *Miranda*[1] rights, Speight admitted that he had purchased the crack cocaine and identified his supplier.

At one point, the prosecutor asked Detective Perez to relate what happened after he stopped Speight's truck. Perez responded, "I asked him to step out of the vehicle, which he complied. I asked him if he had a driver's license. He did not. He was placed under arrest for driving while license suspended or revoked, and a search incident to arrest yielded a small amount of cannabis in his pocket." Defense counsel objected to that statement and moved for a mistrial. The district court declined to order a mistrial, but it did instruct the jury to disregard the testimony about the marijuana.

Speight's brother Leonard testified on behalf of the government. Leonard explained that, on the date in question, he and Speight had driven to a residence where Speight had purchased crack cocaine. As they were driving, a police car pulled up behind them and activated its lights. Leonard started to hide the drugs in the glove compartment, but Speight told him that he had to do better than that.

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Leonard then took the crack cocaine, jumped out of the truck, and ran through the hedges. Eventually, Officer Wesley caught Leonard and placed him under arrest. Leonard confirmed that Speight was planning to sell the crack cocaine.

Following Leonard's testimony, the government rested its case. Defense counsel briefly recalled Detective Benitez, and then informed the court that he did not have any further witnesses. The district court then inquired whether Speight intended to testify in his own defense. Defense counsel stated that he was not planning to call Speight as a witness. Counsel then started to argue that, under the Jencks Act, the government should have turned over all of the recorded telephone calls that Leonard had made while in custody. Counsel acknowledged that the government probably was not in possession of those recordings, but he asserted that they were nonetheless subject to disclosure under the Jencks Act. The district court responded, "At the present moment, Mr. Hovsepian, I wish to proceed with what we started out to discuss." The court then engaged in a colloquy with Speight to confirm that he did not wish to testify. Defense counsel did not renew his Jencks Act argument and the district court never ruled on that issue.

Defense counsel later moved for a continuance to secure the testimony of a rebuttal witness who would be able to impeach Leonard's testimony. Counsel explained that Speight had just told him about a witness in the Pinellas County Jail

5

who would have some information regarding Leonard's testimony. The district court denied the motion for a continuance. The jury convicted Speight with respect to both counts of the indictment, and the district court sentenced him to concurrent terms of 235 months' imprisonment.

## II.

In the proceedings below, Speight objected to Detective Perez's testimony about the marijuana found on his person, but not the testimony that he was driving on a suspended license. Therefore, we are reviewing Speight's arguments regarding the marijuana for an abuse of discretion, and his arguments concerning the suspended license for plain error. *See United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009) (a district court's refusal to grant a mistrial is reviewed for an abuse of discretion); *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007) (unpreserved evidentiary objections are reviewed for plain error). Under the plain error standard, a defendant must establish: (1) error; (2) that is plain; and (3) that affects his substantial rights. *Id.* at n.7. An error affects a defendant's substantial rights if there is a reasonable probability that it altered the outcome of the case. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). If the first three elements of plain error review are met, this Court has discretion to correct an error that "seriously affects the fairness, integrity, or public

6

reputation of judicial proceedings." *Edouard*, 485 F.3d at 1343 n.7 (quotation omitted).

A district court should grant a mistrial based on improper testimony only if there is a reasonable probability that the testimony altered the outcome of the case. *Emmanuel*, 565 F.3d at 1334. The stronger the government's case, the less likely it is that the inadmissible evidence had an effect on the verdict. *United States v. Rouco,* 765 F.2d 983, 992 (11th Cir. 1985). If the district court issued a curative instruction, this Court will reverse only if "the evidence is so highly prejudicial as to be incurable by the trial court's admonition." *United States v. Slocum*, 708 F.2d 587, 598 (11th Cir. 1983).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but can be admitted for other purposes. Fed.R.Evid. 404(b). Rule 404(b) only applies to evidence that is extrinsic to the charged offenses. *Edouard*, 485 F.3d at 1344. Evidence is not extrinsic, and therefore falls outside the scope of Rule 404(b), if it is: "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Id.* (quotation omitted).

7

In this case, the district court did not abuse its discretion by denying Speight's motion for a mistrial after Detective Perez testified that he found a small amount of marijuana on Speight's person. The government introduced substantial evidence of Speight's guilt, including the testimony of the law enforcement officers, Speight's own confession, and the testimony of his brother Leonard. In light of that overwhelming evidence, it is unlikely that Detective Perez's brief statement about the marijuana had a significant impact on the jury's verdict. The court's instruction to the jury to disregard that testimony was sufficient to cure any prejudice that the detective's remark might have caused. *See Slocum*, 708 F.2d at 598.

In addition, the district court did not commit plain error by failing to *sua sponte* exclude the evidence that Speight had been driving on a suspended license. That testimony was not extrinsic under Rule 404(b) because it was necessary to complete the story of Speight's arrest. *See Edouard*, 485 F.3d at 1344. Also, that testimony was not particularly prejudicial, so it likely did not have any impact on the jury's verdict. Speight has not established that the admission of that testimony affected his substantial rights. *See Rodriguez*, 398 F.3d at 1299.

## III.

We review the denial of a motion for a continuance for an abuse of

discretion.  *United States v. Douglas*, 489 F.3d 1117, 1128 (11th Cir. 2007).  We

examine the district court's decision "in light of the circumstances presented,

focusing upon the reasons for the continuance offered to the trial court when the

request was denied."  *Id.*  (quotation omitted). Relevant factors include:

> (1) the diligence of the defense in interviewing the witness and procuring his testimony; (2) the probability of obtaining the testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony was expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*Id.*  The defendant must show that the denial of a continuance caused him

"specific substantial prejudice."  *Id.*  (quotation omitted).  To establish specific

prejudice, the defendant "must identify relevant, non-cumulative evidence that

would have been presented if his request for a continuance had been granted."

*United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993).

This Court reviews constitutional issues *de novo*.  *Douglas*, 489 F.3d at

1126.  The Sixth Amendment protects a criminal defendant's right to confront the

witnesses against him.  U.S. Const. amend. VI.  "The principal protection derived

from the confrontation right is the right to effective cross-examination of the

[government's] witnesses."  *Childers v. Floyd*, 642 F.3d 953, 972 (11th Cir. 2011)

(*en banc*), *pet. for cert. filed*, (U.S. July 6, 2011) (No. 11-42).

9

In this case, the district court did not abuse its discretion by denying Speight's motion for a continuance. Speight informed the district court that his new witness would rebut Leonard's testimony, but he did not provide any additional information about the witness. He did not describe the witness's expected knowledge or testimony with specificity, nor did he explain how the witness's testimony would be non-cumulative and favorable to his defense. *See Douglas*, 489 F.3d at 1128. Therefore, it was reasonable for the district court to deny the motion for a continuance.

Moreover, the denial of a continuance did not violate Speight's right to confrontation. Although Speight contends that the right to confrontation also includes the right to call rebuttal witnesses, he does not cite to any precedent to support that argument. Speight was given a full and fair opportunity to cross-examine Leonard, which is all that the Confrontation Clause requires. *See Childers,* 642 F.3d at 972.

## IV.

A district court's enforcement of the Jencks Act's disclosure requirements is reviewed for an abuse of discretion. *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006). The Jencks Act requires the government to "produce any statement . . . of the witness in the possession of the United States which relates to

10

the subject matter as to which the witness has testified." *See* 18 U.S.C. § 3500(b). "A statement is 'in the possession of the United States' for Jencks Act purposes if it is in the possession of a federal prosecutorial agency." *United States v. Cagnina*, 697 F.2d 915, 922 (11th Cir. 1983).

In this case, Speight has not established that the government violated the Jencks Act. Speight argues that the prosecution should have turned over recordings of Leonard's telephone calls from the Pinellas County Jail, but there is nothing in the record to suggest that the government actually possessed those recordings. In fact, defense counsel acknowledged below that the government probably did not have the recordings. Moreover, Speight has not established that the recorded calls were related to the subject matter of Leonard's testimony. *See* 18 U.S.C. § 3500(b). Because Speight has not identified any specific materials relevant to Leonard's testimony that the government had in its possession but failed to disclose, he has failed to establish a violation of the Jencks Act. *See* 18 U.S.C. § 3500(b); *Cagnina*, 697 F.2d at 922. In light of the foregoing, it is unnecessary for us to address the government's alternative argument that this issue is unreviewable because Speight failed to obtain a ruling from the district court.

Accordingly, after review of the record and the parties' briefs, we affirm Speight's convictions.

**AFFIRMED.**